UNITED STATES, Appellee

v

BRYAN P. KAISER, Airman Basic,
U. S. Air Force, Appellant

19 USCMA 104, 41 CMR 104

*Captain John T. Dorman* argued the cause for Appellant, Accused. With him on the brief was *Colonel Bertram Jacobson.*

*Major Robert L. Bates* argued the cause for Appellee, United States. With him on the brief were *Colonel James M. Bumgarner* and *Lieutenant Colonel Robert W. Vayda.*

## Opinion of the Court

FERGUSON, Judge:

The accused was convicted by special court-martial, convened at Perrin Air Force Base, Texas, of one specification each of breach of correctional custody (Charge I) and absence without leave (Charge II), in violation of Articles 134 and 86, Uniform Code of Military Justice, 10 USC §§ 934 and 886, respectively. He was sentenced to a bad-conduct discharge. The convening and supervisory authorities approved the findings and sentence without change. A board of review, however, found the accused's conviction of being absent without leave "incorrect in law," set aside Charge II and its specification, and ordered them dismissed. It reassessed the sentence on the basis of the finding of guilty of breach of correctional custody and affirmed the bad-conduct discharge. We granted review to consider the following question:

Whether the error in admitting appellant's unwarned pretrial statement that he was absent without leave (Charge II) extended to the findings of guilty of breach of correctional custody (Charge I)?

When the matter was before the board of review, appellate defense counsel contended that the prosecution had failed to establish compliance with the warning requirements of Miranda v Arizona, 384 US 436, 16 L Ed 2d 694, 86 S Ct 1602 (1966), and that, as a consequence, the accused's verbal pretrial admission to the Dallas, Texas, police that he was absent without leave was inadmissible. After examining the evidence, the board agreed on the basis of this Court's opinions in United States v McCauley, 17 USCMA 81, 37 CMR 345; United States v Hardy, 17 USCMA 100, 37 CMR 364; United States v Gustafson, 17 USCMA 150, 37 CMR 414; and United States v Lincoln, 17 USCMA 330, 38 CMR 128. The board rejected, however, a defense assertion that since the two offenses were multiplicious, the error also affected the finding of guilty of Charge I. The board premised its determination on the fact that the legal effect of multiplicity of charges is only significant in consideration of the maximum authorized punishment and because the pretrial statement, if admissible, would only have been material to the duration of the absence and, thus, unrelated to the offense of breach of restriction while undergoing correctional custody.

As the board properly noted in holding the accused's pretrial statement inadmissible, the doctrine of *Miranda* is applicable to *all* pretrial statements made by an accused during a period

of custodial interrogation (United States v Lincoln and United States v McCauley, both supra) and that the burden is on the Government to prove compliance with the *Miranda* safeguards for a voluntary statement, or to demonstrate that the statement was made under circumstances in which the accused had full freedom of choice and conduct. United States v Hardy, supra. Failure of the defense to object at trial does not relieve the prosecution of its burden to prove a proper warning. United States v Gustafson, supra.

In the case at bar, each of the specifications of Charges I and II allege that the offenses were committed on or about August 17, 1968.[1] The evidence reflected that on August 16th, the accused had been ordered into correctional custody for a period of seven days by his squadron commander. According to the terms of the order, the custody was to be served at the 4780th Supply Squadron, Perrin Air Force Base, Texas. On August 21st, the squadron learned that the accused was in the custody of the Dallas, Texas, Police Department. It was while testifying on redirect examination as to the receipt of this information, that Staff Sergeant Roddy, the security police desk sergeant at Perrin, revealed that he had learned from the Dallas police that the accused had told them he was absent without leave. This was the statement of the accused which the board of review held was inadmissible under *Miranda.*

The accused's statement placed him in Dallas, Texas, in an absent-without-leave status on August 22d. Since his sentence to seven days correctional custody was to begin when ordered on the 16th and limited him to building 3403, the mess hall, church, and the service club, all at Perrin Air Force Base, it is clear that his statement could properly serve as

an admission that he had breached the custody order before it came to an end. It was certainly relevant to and connected with both offenses, if properly admissible. Where a constitutional error of this magnitude is present, we will not speculate on the impact it might have had on the court's determination of guilt. Cf. Chapman v California, 386 US 18, 17 L Ed 2d 705, 87 S Ct 824 (1967).

This Court has consistently applied the rule that utilization of an accused's pretrial statement, without proof of compliance with the warning requirements, requires reversal as to those offenses to which the statement relates, regardless of the compelling nature of the other evidence of guilt. United States v Wilson, 2 USCMA 248, 8 CMR 48; United States v Tanner, 14 USCMA 447, 34 CMR 227; United States v Reynolds, 16 USCMA 403, 37 CMR 23. Even a judicial confession of guilt is insufficient to overcome the prejudicial effect of the use of an inadmissible statement, unless the Government affirmatively demonstrates, on the record, that its illegal action did not induce the accused's testimony. United States v Bearchild, 17 USCMA 598, 38 CMR 396; Harrison v United States, 392 US 219, 20 L Ed 2d 1047, 88 S Ct 2008 (1968).

In Chapman v California, supra, the Supreme Court, in discussing the Federal harmless-error statute (28 USC § 2111 and Federal Rules of Criminal Procedure 52(a)), stated that while not all trial errors which violate the Constitution automatically call for reversal (Fahy v Connecticut, 375 US 85, 11 L Ed 2d 171, 84 S Ct 229 (1963)), there are some constitutional rights so basic to a fair trial that their infraction can never be treated as harmless. (See footnote 8, 386 US, at page 23.)

". . . At the same time, however, like the federal harmless-error statute, it [Fahy] emphasizes an intention not to treat as harmless those constitutional errors that 'affect substantial rights' of a party.

---

[1] The absence without leave was terminated on October 4, 1968.

An error in admitting plainly relevant evidence which possibly influenced the jury adversely to a litigant cannot, under Fahy, be conceived of as harmless." [Chapman v California, supra, 386 US, at pages 23–24.]

Mr. Justice Stewart, in his opinion concurring in the result in *Chapman*, illustrated the proposition in this manner:

"When involuntary confessions have been introduced at trial, the Court has always reversed convictions regardless of other evidence of guilt. As we stated in Lynumn v Illinois, 372 US 528, 537, 9 L Ed 2d 922, 928, 83 S Ct 917, the argument that the error in admitting such a confession 'was a harmless one . . . is an impermissible doctrine.' That conclusion has been accorded consistent recognition by this Court. Malinski v New York, 324 US 401, 404, 89 L Ed 1029, 1032, 65 S Ct 781; Payne v Arkansas, 356 US 560, 568, 2 L Ed 2d 975, 981, 78 S Ct 844; Spano v New York, 360 US 315, 324, 3 L Ed 2d 1265, 1272, 79 S Ct 1202; Haynes v Washington, 373 US 503, 518–519, 10 L Ed 2d 513,

523, 524, 83 S Ct 1336; Jackson v Denno, 378 US 368, 376–377, 12 L Ed 2d 908, 915, 84 S Ct 1774, 1 ALR 3d 1205. Even when the confession is completely 'unnecessary' to the conviction, the defendant is entitled to 'a new trial free of constitutional infirmity.' Haynes v Washington, supra, 373 US at 518–519, 10 L Ed 2d 523, 524." [*Id.*, 386 US, at pages 42–43.]

Cf. Harrington v California, 395 US 250, 23 L Ed 2d 284, 89 S Ct 1726 (1969), holding that an error under Bruton v United States, 391 US 123, 20 L Ed 2d 476, 88 S Ct 1620 (1968),[2] is not always prejudicial *per se*.

We hold, therefore, that since the use of the accused's unwarned pretrial statement also infected his conviction for breach of correctional custody (Charge I) reversal is required.

The decision of the board of review is reversed. The record of trial is returned to the Judge Advocate General of the Air Force. A rehearing may be ordered.

Chief Judge QUINN and Judge DARDEN concur.

---

[2] In Bruton v United States, 391 US 123, 20 L Ed 2d 476, 88 S Ct 1620 (1968), the Court held that the introduction in a joint trial of the confession of a codefendant, who did not testify, added substantial weight to the Government's case in a form not subject to cross-examination, thereby violating Bruton's right of cross-examination. This encroachment on Bruton's constitutional right could not be avoided by a jury instruction to disregard the confession as to Bruton. On the latter point the Court expressly overruled Delli Paoli v United States, 352 US 232, 1 L Ed 2d 278, 77 S Ct 294 (1957).