**UNITED STATES**

v.

**Airman Robert J. IRINO, FR 550–86–2811 2069th Communications Squadron USAF Tactical Fighter Weapons Center (TAC).**

**ACM S24216.**

U. S. Air Force Court of Military Review.

18 Aug. 1975.

**514**

Appellate counsel for the Accused: Colonel William E. Cordingly, Colonel Jerry E. Conner and Major Bruce R. Houston.

Appellate counsel for the United States: Colonel C. F. Bennett.

## DECISION

EARLY, Judge:

Tried by special court-martial, military judge alone, the accused was convicted despite his pleas, of stealing a Dictatron Time Announcer, property of the United States, in violation of Article 121, Uniform Code of Military Justice, 10 U.S.C. § 921. The adjudged and approved sentence extends to a bad conduct discharge, confinement at hard labor for 105 days, and reduction to airman basic.

In his request for appellate defense counsel the accused assigns as error the failure of the military judge to sustain an objection to the admission of an oral confession made by the accused and the failure of the military judge to grant a motion for a finding of not guilty as to the Charge and its specification. Appellate defense counsel, in essence, assert the same errors.

The record discloses that after being advised of his rights under Article 31, Code, *supra*, and to counsel by an agent of the Air Force Office of Special Investigations (OSI), the accused requested counsel. The agent then called the base legal office, but was unable to secure counsel at that time. Approximately 45 minutes elapsed, during which time the OSI agent notified the local office of the Federal Bureau of Investigations (FBI) which had primary investigative responsibility of the case since it involved stolen Government property. An FBI agent came to the interrogation room where the accused was waiting, allegedly for the purpose of informing the accused of the FBI's interest in the case. The FBI agent was informed that the accused had requested counsel, but the FBI agent proceeded to advise the accused of his Fifth Amendment rights, including a statement as to right to counsel. The accused read the form and signed his name under a waiver statement at the bottom. The import of this act is at issue.

According to the FBI agent, the accused informed him that he was willing to answer questions "now" without a lawyer present. The FBI agent testified that he did not wait for an attorney to come because the accused told him he did not want one present. At the interview, in which the OSI and FBI agents participated jointly, the accused related he had been threatened by certain civilians with disclosure to his wife of his extra-marital indiscretions if he did not assist them in stealing Government property from Nellis Air Force Base. He agreed to help them by providing access to the base control tower where certain communications gear was kept, by leaving the tower door open, giving them passes to enter the base, and showing them a way to arrive at the tower without being detected. Subsequently, the accused noticed the Time Announcer missing from the tower where he worked. Later he found the Time Announcer in his back yard and called the individuals to come and get it, which they did. Allegedly disgusted with the story told by the accused, the two agents terminated, the interview without securing a written statement.

Taking the stand for the limited purpose of testifying as to the circumstances concerning the interview, the accused told a different story. He stated that he had been told by the OSI agent that he was "going to jail," and that when he signed the FBI waiver form, he understood only that it imported that he understood his rights, not that he was waiving them. He further testified that the FBI agent told him: "All we want to know is like, you know, if you know who ripped it off, and we'll let you go." "Go" meant to the accused, "go period, or go home, finish my packing to go to California for the weekend."

In rebuttal, the OSI agent testified that when the accused asked him if he would be going home that afternoon, he told the accused: "For all I know you could possibly be in jail this afternoon, but I really don't know," and that this was in context of the results of what the FBI agent might do. He also denied threatening the accused or implying that he would go to jail if he did not answer questions.

After hearing this testimony, the military judge, over objection, permitted the OSI agent to testify as to the oral statement of the accused. Later, in closing argument, the trial counsel referred to the oral statement as establishing the accused's guilt as a principal to the larceny by others as an alternative version to the Government's main theory of the case.

In his review, the staff judge advocate to the approving authority concluded that the military judge erred in admitting the statement, told the approving authority to disregard it, but found that there was sufficient other evidence independent of the statement upon which to approve the conviction.

When an accused has indicated his desire to consult with counsel, no further interrogation may then take place. *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966); *United States v. Tempia*, 16 U.S.C.M.A. 629, 37 C.M.R. 249 (1967); *United States v. Solomon*, 17 U.S.C.M.A. 262, 38 C.M.R. 60 (1967); *United States v. Heslet*, 23 U.S.C.M.A. 88, 48 C.M.R. 596 (1974). Of course, the election to consult counsel does not forever bar further interrogation at some later time, but in such a case the Government bears a heavy burden of establishing that the accused has freely and voluntarily waived his rights. *United States v. Heslet, supra.* We find insufficient evidence in this record to sustain the Government's burden. We agree with the staff judge advocate that admission of the confession was error.

However, that portion of the advice of the staff judge advocate which told the supervisory authority that he might sustain the finding on the basis of other compelling evidence of guilt is incorrect.* The proper rule is that "utilization of an accused's pretrial statement without proof of compliance with the warning requirements, requires re-

---

* Appellate government counsel concede this error and address their reply only as to whether the nature of the other evidence of guilt is of sufficient probative value to justify a rehearing.

versal as to those offenses to which the statement relates, regardless of the compelling nature of the other evidence of guilt." *United States v. Kaiser,* 19 U.S.C.M.A. 104, 41 C.M.R. 104 (1969).

Since the staff judge advocate erroneously informed the approving authority that the conviction could be sustained by other compelling evidence of guilt, the findings and sentence must be set aside. Thus remaining for our consideration is the ultimate disposition of the case. Appellate counsel and the accused assert there is not sufficient evidence of guilt, absent the confession, to warrant a rehearing. We disagree.

Without detailing the evidence adduced at trial, our examination of the record indicates that there is sufficient evidence to establish, at a minimum, that the accused had exclusive possession of recently stolen property, which, if believed, would justify an inference that he was the thief. *United States v. Ball,* 8 U.S.C.M.A. 25, 23 C.M.R. 249 (1957). Even possession of part of recently stolen property may reasonably create the inference that the possessor has, or had, the remainder. *United States v. Sparks,* 21 U.S.C.M.A. 134, 44 C.M.R. 188 (1971). Naturally the strength of the inference depends on the nature of the property and the degree of "recentness" of the theft. *United States v. Sparks, supra.* The weight to be accorded the evidence and the reasonable inferences to be drawn therefrom is properly the province of the trial court.

Accordingly, the findings of guilty and the sentence, being incorrect in law, are set aside. A rehearing may be ordered.

LeTARTE, Chief Judge, and ORSER, Judge, concur.