**UNITED STATES, Appellee,**

v.

**Clifford M. HALL, Private, U. S. Army, Appellant.**

**No. 29,742.**

U. S. Court of Military Appeals.

Sept. 5, 1975.

*Colonel Victor A. DeFiori, Lieutenant Colonel James Kucera, Captain Gordon R. Denison,* and *Captain Stephen D. Halfhill* were on the pleadings for Appellant, Accused.

*Lieutenant Colonel Donald W. Hansen, Major Steven M. Werner, Captain John R. Erck,* and *Captain Jonathan D. Glidden* were on the pleadings for Appellee, United States.

OPINION OF THE COURT

COOK, Judge:

A statement made by the accused to his commanding officer while he was in confinement was used by the Government at trial in an effort to impeach him. This appeal involves consideration of the effect of that use.

The evidence indicates that before making the statement, the accused was warned of his right to remain silent under Article 31 of the Uniform Code of Military Justice,

10 U.S.C. § 831, but it does not affirmatively appear, as required, that the accused was also informed of his right to counsel at the interrogation. *United States v. Tempia*, 16 U.S.C.M.A. 629, 37 C.M.R. 249 (1967). In the circumstances, the statement could not be used either as part of the Government's case in chief, *United States v. McCauley*, 17 U.S.C.M.A. 81, 37 C.M.R. 345 (1967), or to impeach the accused, *United States v. Girard*, 23 U.S.C.M.A. 263, 266, 49 C.M.R. 438, 441 (1975). As there is considerable independent evidence of guilt, the Government contends the error is harmless to the accused and should, therefore, be disregarded. Article 59(a), UCMJ, 10 U.S.C. § 859(a). This approach to the legal consequence of the error has been sanctioned by the United States Supreme Court in *Milton v. Wainwright*, 407 U.S. 371, 92 S.Ct. 2174, 33 L.Ed.2d 1 (1972). Earlier, this Court noted that under military law the Government's use at trial of an incriminatory statement by the accused that was improperly obtained from him before trial requires reversal of findings of guilty "infected" by the error "regardless of the compelling nature of the other evidence of guilt." *United States v. Kaiser*, 19 U.S.C.M.A. 104, 106–107, 41 C.M.R. 104, 106–107 (1969).

The military rule has its roots in the safeguards provided by Article 31 of the Code. By its terms, the article protects an accused's right to remain silent and does not grant him the right to counsel.[1] However, the Supreme Court has stressed that at a custodial interrogation, counsel's presence is essential to effectuate the accused's right to remain silent. *Kirby v. Illinois*, 406 U.S. 682, 690, 92 S.Ct. 1877, 32 L.Ed.2d 411 (1972). In that situation, therefore, the right to counsel and the right to remain silent coalesce. This circumstance persuades us that the specific purposes of Article 31 would be better served by adherence to Kaiser than by application of the general harmless error rule.[2]

The decision of the Court of Military Review is reversed. The findings of guilty

and the sentence are set aside, and the record of trial is returned to the Judge Advocate General of the Army for submission to the convening authority for further proceedings. A rehearing may be ordered.

Senior Judge FERGUSON concurs.

Chief Judge FLETCHER did not participate in the decision of this case.

---

1. *See United States v. Wimberley*, 16 U.S.C. M.A. 3, 10, 36 C.M.R. 159, 166 (1966).

2. *See United States v. White*, 17 U.S.C.M.A. 211, 38 C.M.R. 9 (1967).