UNITED STATES

v.

Airman Basic Carl E. WILLIAMS, FR 491–64–8784 351st Missile Security Squadron Eighth Air Force (SAC).

ACM S24217.

U. S. Air Force Court of Military Review.

12 Sept. 1975.

---

Appellate counsel for the Accused: Colonel William E. Cordingly, Colonel Jerry E. Conner and Captain George L. Squires, USAFR.

Appellate counsel for the United States: Colonel C. F. Bennett and Captain Frederick P. Waite.

## DECISION

LeTARTE, Chief Judge:

The accused stands convicted of larceny (Charge I and its specification) and two specifications of breaching restraint during correctional custody (Specifications 1 and 2, Charge II), in violation of Articles 121 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 921, 934. The approved sentence extends to bad conduct discharge, confinement at hard labor for 75 days, and forfeiture of $229.00 per month for three months.

In his request for appellate representation, the accused asserts that the evidence is insufficient to support his larceny conviction. In addition, appellate defense counsel have assigned two errors for our consideration. Counsel contend that the military judge erred in accepting the accused's pretrial admissions into evidence and that the findings as to value in the larceny specification are excessive. The latter contention is rendered moot by our decision; therefore, we will limit our discussion to the evidentiary and confession issues.

The larceny charged in the Specification of Charge I allegedly occurred on 7 February 1975. The property stolen belonged to the accused's barracks roommate and was taken from their room at about the same time that the accused absented himself without authority from his organization.[1] On 26 February 1975, after the accused had returned to military control, he was struck several times by his roommate before eventually admitting that he was the thief. The next day, following proper advisement of his rights, the accused orally confessed his guilt to an agent of the Office of Special Investigations (OSI).

At trial, the defense moved that the accused's admissions to his roommate and to the OSI agent be stricken from the record.[2] The military judge denied this motion, but in his special findings, submitted after trial, he indicated he had found both statements involuntary and thus had not considered them in arriving at his findings of guilty.[3]

■ We have not summarized all of the evidence pertinent to the voluntariness issue. Suffice it to say that we agree with the military judge's determination that both confessions were involuntary. Nevertheless, we question the propriety of the military judge submitting special findings that are patently inconsistent with his trial rulings. Despite his belated disclaimers, it is apparent to us that the military judge did in fact consider the accused's confessions in his findings deliberations. Otherwise, he would not have permitted the trial counsel, during prefindings argument, to refer to the confessions as evidence of the accused's guilt, and he certainly would have reassured trial defense counsel of his intention to disregard the confessions when that officer limited his prefindings argument to the following remarks:

Your Honor, in light of your ruling, there is not much [argument] that we can

1. The accused received nonjudicial punishment for this unauthorized absence, but evidence of this offense was not introduced by the prosecution prior to findings.

2. This procedure was appropriate because the incriminating statements had been related to the court by the respective witnesses before the accused testified for the limited purpose of

showing the circumstances under which they were made.

3. We note that these special findings were attached to the record of trial *after* the record was authenticated and after it was examined by trial defense counsel. See, Manual for Courts-Martial, 1969 (Rev), paragraphs 74*i* and 82*e*.

make. The case of the prosecution on Charge I and Specification 1 [sic] is based upon the confessions and admissions of my client and we still feel that they are involuntary and shouldn't be used against him. We certainly feel if you strip that away from the case, we are left with no case. We would only once again urge and make our position clear for the record, that we don't yield the point. I don't think that Charge I and the specification is made out by legal and competent evidence.

Had the military judge sustained the defense motion to strike, as he should have done if he found the confessions involuntary, then we could evaluate and weigh the other evidence that was introduced to establish the accused's guilt of the larceny offense. As the record now stands, however, we cannot affirm the larceny conviction since utilization of an accused's inadmissible pretrial statement requires reversal as to those offenses to which the statement relates *regardless* of the compelling nature of the other evidence of guilt. *United States v. Kaiser,* 19 U.S.C.M.A. 104, 41 C.M.R. 104 (1969).

■ Furthermore, had we decided that the military judge did not consider the accused's confessions in finding him guilty, there is another reason for setting aside the findings of guilty of Charge I and its specification. In relating the accused's confession, the OSI agent testified that the accused had divulged the name of an Airman Holland who had assisted the accused, apparently innocently, in removing the stolen property from the barracks. Airman Holland testified for the prosecution, and his testimony was specifically cited by the military judge and the author of the posttrial review as significant evidence of the accused's guilt of larceny. Accordingly, since this witness' testimony was presumably procured through exploitation of the accused's involuntary statement to the OSI agent, it should not have been accepted in evidence without a preliminary showing that the witness' identity was derived from a source untainted by the coerced confessions. *United States v. Haynes,* 9 U.S.C.M.A. 792, 27 C.M.R. 60 (1958); *United States v. Peurifoy,* 22 U.S.C.M.A. 549, 48 C.M.R. 34 (1973); *United States v. Moore,* 19 U.S.C.M.A. 586, 42 C.M.R. 188 (1970); *United States v. Paroutian,* 319 F.2d 661 (2 Cir. 1963), cert. denied, 375 U.S. 981, 84 S.Ct. 494, 11 L.Ed.2d 426 (1964).

■ Though not assigned as error, we have detected an issue affecting the accused's conviction of Specification 2 of Charge II. Under this charge, the accused was convicted of escape from correctional custody on 3 March (Specification 1) and 14 March (Specification 2).[4] Called as a witness for the prosecution, the noncommissioned officer in charge of the Base Detention Facility testified that he interviewed the accused on 4 March 1975 concerning the 3 March offense, and that prior to the interview, he completely advised the accused of his right against self-incrimination and to counsel. The witness then related incriminating admissions that were obviously made by the accused concerning the *14* March offense. Consequently, since no evidence of a proper preliminary warning respecting these admissions was elicited from the witness, the findings of guilty of this offense must also be set aside.[5] *United States v. Kaiser, supra.*

For the reasons stated, the findings of guilty of Charge I and its specification and Specification 2 of Charge II are incorrect in law and are hereby set aside. The sentence and the findings of guilty of Specification 1 of Charge II and Charge II are correct in law and fact.

A rehearing, requiring findings by the court-martial on only those offenses herein

---

4. These findings were reduced by the supervisory authority to breach of restraint while undergoing correctional custody.

5. Unless the defense *expressly* consents to the omission of such a showing, the admissibility of a confession or admission of an accused must be established by an affirmative showing that it was voluntary. Manual for Courts-Martial, *supra,* paragraph 140a.

disaffirmed and sentencing based on those specifications of which the accused may be convicted at the rehearing combined with the specification herein affirmed, is hereby ordered. Manual for Courts-Martial, *supra*, paragraphs 81*b*(3) and 92. If the convening authority determines that a rehearing is impractical, he may reassess the sentence based on those findings we have affirmed.

ORSER, Judge, concurs.

EARLY, Judge, absent.