**UNITED STATES, Appellee,**

**v.**

**Private First Class Randolph MASON, SSN 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, United States Army, Appellant.**

**CM 434429.**

U. S. Army Court of Military Review.

17 Oct. 1977.

Captain Leslie Wm. Adams, JAGC, argued the cause for appellant. With him on the brief were Dr. Wilhelm Oberer, Colonel Robert B. Clarke, JAGC, Lieutenant Colonel John R. Thornock, JAGC, Captain Ralph E. Sharpe, JAGC, and Captain Michael B. Dinning, JAGC.

Captain Ronald A. Warner, JAGC, argued the cause for appellee. With him on the brief were Colonel Thomas H. Davis, JAGC, Major John T. Sherwood, Jr., JAGC, and Captain Gregory M. Van Doren, JAGC.

Before JONES, FULTON and FELDER, Appellate Military Judges.

## OPINION OF THE COURT

JONES, Senior Judge:

The appellant comes before this Court convicted of selling heroin in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934. The court sentenced him to a dishonorable discharge, forfeiture of all pay and allowances, reduction to private, and confinement at hard labor for ten years. The convening authority reduced the period of confinement to five years and approved the remaining portions of the sentence.

■ The pivotal issue in this case is the admissibility of a pretrial statement made by appellant to his company commander. Appellant denies making the statement but also maintains that such statement, if made, was inadmissible because he was not advised of his rights under Article 31, UCMJ. The assertion of inconsistent defenses, as here, is permitted. *United States v. Miller*, 3 M.J. 292 (C.M.A.1977); *United States v. Garcia*, 23 U.S.C.M.A. 403, 50 C.M.R. 285, 1 M.J. 26 (1975). Accordingly, we will proceed with the question of admissibility.

The company commander called appellant and two other members of his unit to the orderly room where they were to be questioned by an Army criminal investigator regarding the alleged sale of heroin. The commander decided that after the investigator finished talking to each soldier, he would call each into his office individually and explain to him the probable "military sequence of events." When the investigator finished with appellant but before the commander had an opportunity to tell the appellant to come to his office, the appellant on his own volition asked to see the commander about the matter.

■ The company commander, without advising appellant of his rights under Article 31, UCMJ, proceeded to relate to him a

possible scenario of forthcoming events. The commander explained that if the pending laboratory examination of the drug disclosed heroin he would probably prefer charges, recommending trial by "BCD Special"; that an Article 32 investigation could follow; and that a trial by court-martial could result. The commander also told appellant that he expected him to continue to perform his job as a soldier. Both the commander and the appellant testified that at no time did the commander question the appellant or request a statement.[1] At the end of the conversation, which lasted about ten minutes, the appellant remarked that he "shouldn't have been dealing with the stuff." It is the admissibility of that statement that is in controversy.

■ The trial judge determined that if the statement was in fact made, no violation of Article 31, UCMJ, occurred because the commander did not question the appellant or request a statement. The judge found the statement to be voluntary and permitted the commander to relate it to the court members.[2]

The appellant argues that the decisions in *United States v. Seay*, 24 U.S.C.M.A. 7, 51 C.M.R. 57, 1 M.J. 201 (1975), and *United States v. Dohle*, 24 U.S.C.M.A. 34, 51 C.M.R. 84, 1 M.J. 223 (1975), should be extended to cover the factual situation here. In effect, appellant wants the rule extended to require a warning to be given in every case in which a superior talks with a suspect, if there is a possibility that the suspect might make an incriminating statement during the conversation. This we decline to do.

■ First, a rule as the appellant desires would conflict with the plain language of Article 31(b), UCMJ,[3] which proscribes interrogation and requests for a statement without giving a prior warning. Thus where there is no questioning or request for a statement, there is no requirement for a warning.

■ Second, this is not an instance where, although there was no interrogation or request for a statement, there was the likelihood that appellant would make an incriminating statement. If there were any indication that the commander was trying to circumvent Article 31(b) or that a strong possibility existed under the circumstances that appellant would make an inculpatory statement, we would not hesitate to give the appellant protection from such action. However, in this case there was not the slightest intimation that the commander had any ulterior motive or any reason to believe that an incriminating statement would be forthcoming. To the contrary, the commander had advised soldiers in his unit in a similar manner on four prior occasions and none had made an incriminating statement. The commander's procedure demonstrated commendable concern as a leader to keep his men informed. We find it completely in accord with the requirements of Article 31(b).

---

1. The commander told appellant that he did not intend to place him under any type of restraint, provided he continued to perform his duties properly. Appellant assured his commander that restraint would not be necessary. We do not view that as an interrogation or request for statement.

2. Trial defense counsel objected to the admissibility of the remark on the basis of relevance. He also took the position that the statement was never made. He did not object to the lack of an Article 31, UCMJ, warning. However, the military judge, alert to his responsibilities, inquired into that matter fully. Although failure to object on the proper grounds to the admissibility of evidence would normally be a waiver of the error, *United States v. Brown*, 10 U.S.C.M.A. 482, 28 C.M.R. 48 (1959); *United States v. Wade*, 51 C.M.R. 205, 1 M.J. 600

(A.C.M.R.1975), the admissibility of pretrial statements is a special category wherein the Government has the burden to prove compliance with the rights-warning requirements. Failure of the defense to object does not relieve the prosecution of this responsibility. *United States v. Kaiser*, 19 U.S.C.M.A. 104, 41 C.M.R. 104 (1969).

3. Article 31(b). No person subject to this chapter may interrogate, or request any statement from, an accused or a person suspected of an offense without first informing him of the nature of the accusation and advising him that he does not have to make any statement regarding the offense of which he is accused or suspected and that any statement made by him may be used as evidence against him in a trial by court-martial.

This case is distinguishable from both *Dohle* and *Seay*. *Dohle* concerned a statement made by a suspect in response to a question by a person who occupied a position of authority over him. This appellant's statement, although made by a suspect to a person in authority over him, was not in response to a question but was made spontaneously, without request. In *Seay*, as in this case, the commander was exercising his leadership and command responsibilities at the time the incriminating statement was made but unlike *Seay*, the statement in this case was not in response to a question.[4]

■ Finally, we reject the Government's contention made during oral argument that if a warning was required, the warning given by the criminal investigator a few minutes earlier would suffice. The distinction in the relationship between the appellant and the investigator and the appellant and his commander is such that the carry-over theory of a warning[5] would not be applicable when the new interrogator was a commander rather than another investigator.

We have considered the other errors assigned but we find none warrant discussion or corrective action.

The findings and sentence are affirmed.

Judge FULTON and Judge FELDER concur.

---

4. We recognize that *Seay* also involved the question of the taint of a subsequent admission from prior unwarned statements but we do not view that difference as controlling.

5. *See United States v. Smith*, 4 U.S.C.M.A. 369, 15 C.M.R. 369 (1954).