UNITED STATES, Appellee,

v.

Staff Sergeant Lawrence C. CARTER,
SSN 210–34–0028, United States
Army, Appellant.

CM 435318.

U. S. Army Court of Military Review.

7 Dec. 1977.

Joel A. DeBoe, Esquire, and Captain Michael B. Dinning, JAGC, argued the cause for the appellant. With them on the brief were Colonel Robert B. Clarke, JAGC, Lieutenant Colonel John R. Thornock, JAGC, and Captain Ralph E. Sharpe, JAGC.

Captain Michael J. Hurley, JAGC, argued the cause for the appellee. With him on the brief were Colonel Thomas H. Davis, JAGC, and Captain Lee D. Schinasi, JAGC.

Before CLAUSEN, JONES and DeFORD, Appellate Military Judges.

## OPINION OF THE COURT

CLAUSEN, Chief Judge:

Appellant was convicted, contrary to his pleas, of three specifications of soliciting a bribe and one specification of receiving a bribe, in violation of 18 U.S.C. § 201(e) and Article 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 934. These offenses arose out of events preceding the trials of two other noncommissioned officers for the larceny of a large quantity of cigarettes from a commissary warehouse in Bangkok, Thailand.

In exchange for his testimony against these two NCO's, appellant received a grant of transactional immunity covering all larceny related offenses arising from the warehouse theft. The Court is convinced beyond reasonable doubt that appellant subsequently approached both NCO's with offers of favorable testimony in exchange for money, and that he actually received payment from one. We are likewise convinced that appellant told Captain L, the trial counsel in the same cases, that he would give testimony favorable to the prosecution in exchange for a three months' extension in Thailand and the payment of a temporary lodging allowance to which appellant was not otherwise entitled.

■ Appellant contends, citing *Woelfel v. United States*, 237 F.2d 484 (4th Cir. 1956), that his convictions are erroneous as a matter of law because the grant of immunity bound him to testify truthfully in the two pending cases. Thus, he argues, it was beyond his power to alter his testimony to favor any of the parties solicited, and this inability to provide any of them a "thing of value" mandates reversal of the convictions. This argument, though novel, is not supported by *Woelfel*, and overlooks the realities of appellant's situation.[1] After he received the grant of immunity, appellant stood in the same position as the typical witness in any trial. He was obligated to testify, and to do so truthfully, or suffer

---

1. *Woelfel* holds that a federal officer's request for a gratuity is not solicitation of a bribe if made after he had exhausted his power of decision or action and not pursuant to a prior promise or undertaking that a gratuity would be forthcoming. The phrase "power of decision or action" embraces those deeds which the solicitor of a bribe might actually bring about, regardless of whether such action would be in violation of the obligations of his office or might subject him to criminal prosecution. Therefore, although it would have been wrongful for appellant to alter his testimony on the basis of inducements received from any of the persons solicited, his actual power of action to make such an alternation had not been exhausted at the times he solicited the bribes here in issue.

**760**

the legal consequences. Appellant's contention that a witness in such a position cannot convey a thing of value by altering his testimony is plainly lacking in both merit and common sense[2] and flies in the face of the express language of 18 U.S.C. § 201(e). Under the circumstances, the trial court's findings were factually and legally correct.

■ Two of appellant's assignments of error deal with the testimony of Captain L. It is contended that Captain L's failure to give appellant an Article 31[3] warning prior to interviewing him required suppression of those portions of Captain L's testimony relating to appellant's solicitations. Appellant also contends that the trial judge should have given an instruction on accomplice testimony relating to Captain L. We disagree. Captain L delivered appellant the grant of immunity described above prior to interviewing him and was merely endeavoring to conduct a witness interview of appellant about the larceny case, as it was Captain L's duty to do. Such an interview was not an "interrogation" within the meaning of Article 31, as it was not questioning intended or even likely to induce an admission regarding an offense of which this appellant was suspected. Accordingly, an Article 31 warning was not required. *United States v. Morris*, 24 U.S.C.M.A. 177, 51 C.M.R. 395, 1 M.J. 352 (1976); *United States v. Graham*, 21 U.S.C.M.A. 489, 45 C.M.R. 263 (1972). Moreover, appellant's solicitations were not made as the result of any inquiry or interrogation by Captain L. They involved a subject matter independent of that concerning which appellant was being interviewed. These unsolicited statements themselves constituted a crime and were not admissions at all. It was, there-

fore, proper for the trial judge to admit them in evidence.

Appellant's contention that the trial judge should have given an accomplice testimony instruction concerning Captain L is totally without merit.[4] *United States v. Bey*, 4 U.S.C.M.A. 665, 16 C.M.R. 239 (1954).

■ Appellant also assigns as error the failure of the trial judge to sever *sua sponte* the four specifications upon which appellant was arraigned into four separate trials. The Federal Rules of Criminal Procedure, relied upon by appellant, do not apply to courts-martial. We are governed by the rule set out in paragraphs 30*g* and 33*h* of the Manual for Courts-Martial, United States, 1969 (Revised edition), that all charges against an accused ordinarily should be tried at a single trial. *United States v. Showalter*, 15 U.S.C.M.A. 415, 35 C.M.R. 382 (1965); *United States v. Keith*, 1 U.S.C.M.A. 442, 4 C.M.R. 34 (1952); *United States v. Partridge*, 41 C.M.R. 548 (A.C.M.R. 1969), *pet. denied*, 41 C.M.R. 403 (1970). In this case, no motion to sever these specifications into separate trials was made by any of the trial defense counsel, and we will not impose upon the trial judge a *sua sponte* duty to do so. Such a rule would not only create significant administrative difficulties for judges, counsel, and court members, it would frequently subject the accused to multiple trials and the attendant risk of multiple punishments. We think that the responsibility for raising the issue of improper joinder of offenses in any given case properly should be placed upon trial defense counsel. In the absence of a defense motion or a manifest miscarriage of justice, we find no error.

---

2. *See Wilson v. United States*, 77 F.2d 236 (8th Cir. 1935), *cert. denied*, 295 U.S. 759, 55 S.Ct. 926, 79 L.Ed. 1701 (1935).

3. Article 31, UCMJ, 10 U.S.C. § 831.

4. The record is devoid of any indication that Captain L knowingly and voluntarily cooperated with, aided, assisted, advised, or encouraged appellant in his conduct. *See Egan v. United States*, 52 U.S.App.D.C. 384, 287 F. 958 (1923).

In striving to find such an indication, appellate defense counsel refer us to a comment made by Captain L's chief of military justice: "I was rather agast [sic] that [Captain L] would come in with what *I interpreted as what* he thought we ought to grant." (R. 134; emphasis added). The Court is concerned that appellant's brief has omitted the emphasized words from his quotation of the above remark. We trust that this significant omission was inadvertent.

■ Appellant addresses his final assignment of error to the Staff Judge Advocate's Review.[5] He contends that the review fails meaningfully to apprise the convening authority of the defense theory of the case. Specifically, he asserts that the entire theory of the defense was that the two noncommissioned officers from whom appellant solicited bribes collaborated to discredit him as a witness in their own pending courts-martial. This contention is erroneous, for not a single witness testified to any such collaboration on the part of these two witnesses. The possibility of collaboration was only an inference drawn by trial defense counsel in his closing argument on findings. The main theory of the defense at trial was that appellant's denial of soliciting bribes was more credible than contrary testimony by the two NCO's. The issue of credibility was fairly and completely discussed in the review. Moreover, if trial defense counsel felt that the review was incomplete, it was his obligation to make an objection or comment to the review. His failure to do so waives any error. *United States v. Barnes*, 3 M.J. 406 (C.M.A. 1977).

The findings of guilty and the sentence are affirmed.

Senior Judge JONES and Judge De-FORD concur.

---

5. Appellant initially assigned an error concerning the appointment of court members by the convening authority. At the time of oral argument, appellate defense counsel informed the Court that this assignment of error was being withdrawn. Withdrawal of an assignment of error or a concession should be accompanied by a formal pleading.