**UNITED STATES**

v.

**Senior Airman Gregory M. LEMON, FR 438–94–6346, United States Air Force.**

**ACM S24604.**

U. S. Air Force Court of Military Review.

Sentenced Adjudged 27 March 1978.

26 July 1978.

Appellate Counsel for the Accused: Colonel B. Ellis Phillips, Lieutenant Colonel Larry G. Stephens and Captain Douglas H. Kohrt.

Appellate Counsel for the United States: Colonel Julius C. Ullerich, Jr.

Before EARLY, HERMAN, ORSER and ARROWOOD, JJ.

## DECISION

ARROWOOD, Judge:

While assigned to Osan Air Base, Korea, the accused purchased golf clubs and a stereo from the golf pro shop and the base exchange for the purpose of illegal and unauthorized transfer, in violation of. Article 92, Uniform Code of Military Justice, 10 U.S.C. § 892.

During the sentencing portion of the trial, the government introduced a Summary of Oral Imposition of Nonjudicial Punishment, AF Form 3073, dated 11 November 1976, which reflected the accused had received punishment under Article 15, Code, 10 U.S.C. § 815, supra. The form was completed by the accused's commander after he had administered the Article 15 and was properly included in the personnel records of the accused. The exhibit indicated that the commander fully advised the accused of his rights, including the right to confer with counsel before he decided whether to accept nonjudicial punishment or demand trial by court-martial. The commander also indicated on the form that the accused did not demand trial by court-martial. The accused did not sign the form, nor is there a place provided on the form to indicate that he had personally exercised his options in regard to the action.

Appellate defense counsel, citing *United States v. Booker,* 5 M.J. 238 (C.M.A. 1977), contend that this record of punishment was improperly considered by the court. *United States v. Booker,* supra, sets out two specific requirements before evidence of nonjudicial punishment can be used in any subsequent trial by court-martial. First, the record of trial must reflect that the individual to be disciplined was told of his right to confer with an independent counsel before he opts whether to accept or refuse punishment. Second, the record of trial must reflect that the waiver of the statutory right for removal to trial in a criminal proceeding was in writing.

In *United States v. Huff,* 4 M.J. 731 (A.F.C.M.R.1978), petition denied, 5 M.J. 121, and *United States v. Smith,* 4 M.J. 809 (A.F.C.M.R.1978), this Court found that AF Form 3070, Notification of Intent to Impose Nonjudicial Punishment, when properly used in administering nonjudicial punishment in writing was sufficient on its face, to meet the *Booker* mandates. This form properly advises the accused as to his right to counsel and provides for his signature indicating whether or not he consulted

counsel. It also requires the accused to indicate in writing that he accepts nonjudicial punishment or demands trial by court-martial.

■ The Summary of Oral Imposition of Nonjudicial Punishment as completed by the accused's commander in this case makes it clear for the record that the accused was advised as to his right to counsel as required by *Booker*. However, the check mark on the exhibit and the commander's signature indicating that the accused did not demand trial by court-martial cannot be interpreted as a written waiver by the accused of his right to trial as mandated by *Booker,* nor in our opinion, is it tantamount thereto. This does not affect the validity of the Article 15, but merely prevents its use in subsequent criminal proceedings against the accused.

■ Therefore, as there is no other evidence in the record of trial that the accused waived his right to trial by court-martial in writing, it was error for the military judge to accept the Summary of Oral Imposition of Nonjudicial Punishment into evidence. We believe this error can best be corrected by a reassessment of the sentence based on this error and the entire record, including the post-trial recommendations of the military judge. The remaining assignments of error are without merit. Accordingly, the findings of guilty and only so much of the sentence as provides for confinement at hard labor for three months, forfeiture of $265.00 per month for three months and reduction to the grade of airman is

AFFIRMED.

EARLY, Chief Judge, HERMAN and ORSER, Judges, concur.