UNITED STATES

v.

Winston T. LEWIS, 226 98 5960, Private First Class (E–2), U. S. Marine Corps.

NCM 80 0478.

U. S. Navy Court of Military Review.

Sentence Adjudged 11 Sept. 1979.

Decided 14 Aug. 1980.

LT. P. B. Haskel, JAGC, USN, Appellate Defense Counsel.

LT. J. G. VanWinkle, JAGC, USNR, Appellate Government Counsel.

Before GREGORY, DONOVAN and GLADIS, JJ.

GLADIS, Judge:

The accused was convicted at a special court–martial bench trial, in accordance with his pleas, of two minor unauthorized absences and, contrary to his pleas, of disrespect toward a superior commissioned officer, two willful disobediences of and disrespect toward superior noncommissioned officers, and willful dereliction of duty, in violation of Articles 86, 89, 91, and 92, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 886, 889, 891, and 892. He was acquitted of willful disobedience of the command of a superior commissioned officer in violation of Article 90, UCMJ, 10 U.S.C. § 890. The adjudged sentence of a bad–conduct discharge, confinement at hard labor for 5 months, forfeiture of $279.00 per month for 5 months, and reduction to pay grade E–1 was approved by the convening authority and the officer exercising general court–martial jurisdiction. The convening authority, however, probationally suspended the discharge.

In a summary assignment of error, the accused contends that his conviction of disrespect toward a superior commissioned officer cannot be sustained because the disrespectful statement was obtained in violation of Article 31, UCMJ, 10 U.S.C. § 831. Finding that evidence obtained in violation of Article 31 was admitted, we set aside the affected findings and reassess the sentence.

The accused's platoon commander, a second lieutenant, testified that, while looking for the accused who had dropped out of a physical training formation, he saw him walking along, reading a comic book, during the playing of morning colors. He told the accused to stop and stand at attention. The accused stopped, but turned his back to colors and did not stand at attention. After colors, the lieutenant asked the accused why he did not stand at attention. The accused replied, "I don't have to stand at attention and I don't care what you say." [1]

The accused's conduct was the basis of charges of disrespect toward the lieutenant, willful disobedience of the lieutenant's lawful command to stand at attention and honor colors, and dereliction in the performance of his duties in that he willfully failed to face the direction of morning colors and stand at attention. [2]

In his post–trial review, the staff judge advocate conceded that Article 31 had been violated and that the accused's statement was inadmissible with respect to the dereliction of duty charge. He recommended approval of the findings of guilty of dereliction because he found the proof of guilt to be overwhelming. *But see United States v. Hall,* 1 M.J. 162 (C.M.A.1975) (use at trial of statements obtained in violation of Article 31 requires reversal regardless of the compelling nature of other evidence of guilt); *United States v. Kaiser,* 19 U.S.C.M.A. 104, 41 C.M.R. 104 (1969). Relying on *United States v. Lewis,* 7 M.J. 348 (C.M.A.1979) (an officer does not abandon his office thereby furnishing a defense to a disrespect charge simply because he conducts a search which is later determined to be illegal), the staff judge advocate determined the statement to be admissible on the disrespect charge because the lieutenant had not abandoned his office.

Article 31, UCMJ, provides in pertinent part:

(b) No person subject to this chapter may interrogate, or request any statement from, an accused or a person suspected of an offense without first informing him of

---

1. Defense counsel's objection to consideration of the accused's statements because he had not been warned of his Article 31 rights was overruled.

2. The disrespect charge alleges that the accused behaved himself with disrespect by contemptuously saying to the lieutenant, "I don't have to stand at attention" and "I don't care what you say."

the nature of the accusation and advising him that he does not have to make any statement regarding the offense of which he is accused or suspected and that any statement made by him may be used as evidence against him in a trial by court–martial.

.    .    .    .    .

(d) No statement obtained from any person in violation of this article  .  .  . may be received in evidence against him in a trial by court–martial.

▇▇▇ Whether a person is a suspect is determined by an objective rather than a subjective test; that is, whether the questioner had reasonable grounds to believe that the accused had committed an offense, not whether the questioner actually did so. *United States v. Anglin*, 18 U.S.C.M.A. 520, 40 C.M.R. 232 (1969). Article 31, however, does not require advice in every situation in which one member of the service questions another about an offense he suspects the other of having committed. Advice is mandated only when the questioner's conduct is official.[3] *United States v. Beck*, 15 U.S.C. M.A. 333, 35 C.M.R. 305 (1965); *United States v. Johnstone*, 5 M.J. 744 (A.F.C.M.R. 1978). A questioner who counsels an accused in an official capacity concerning specific misconduct must advise him in accordance with Article 31. *United States v. Seay*, 1 M.J. 201 (C.M.A.1975). Advice is not required when an accused spontaneously volunteers incriminating statements. *United States v. Workman*, 15 U.S.C.M.A. 228, 35 C.M.R. 200 (1965). Unsolicited, voluntary statements of an accused during an interrogation which are independent of the subject matter of the interrogation and in themselves constitute a separate crime are admissible in the absence of Article 31 advice. *See United States v. Thompson*, 47 C.M.R. 565 (N.C.M.R.1973) (threat); *United States v. Carter*, 4 M.J. 758 (A.C.M.R.1977) (solicitation of a bribe). But solicited state-

ments related to the subject matter of the inquiry are inadmissible in the absence of required Article 31 warnings even though they constitute a separate crime. *United States v. Price*, 7 U.S.C.M.A. 590, 23 C.M.R. 54 (1957)(false statement related to the subject of the inquiry); *United States v. Pruitt*, 48 C.M.R. 495 (A.F.C.M.R.1974).

▇▇▇ Applying the foregoing principles to the facts of the case at hand, we conclude on the basis of this record that the lieutenant had reasonable grounds to suspect the accused of having committed an offense and was acting in an official capacity when he questioned him. He also had a position of authority over the accused, of which the accused was aware, *United States v. Dohle*, *supra*, and questioned him in the exercise of this authority, *United States v. Harvey*, 21 U.S.C.M.A. 39, 44 C.M.R. 93 (1971). This is not a case in which the questioner neither exercised a position of authority over the accused nor questioned him for law enforcement or disciplinary purposes. *Cf. United States v. Fountain*, 2 M.J. 1202 (N.C.M.R. 1976). Therefore, the lieutenant had a duty to warn the accused in accordance with Article 31.

We are aware of no authority for the proposition advanced by the staff judge advocate that statements obtained in violation of Article 31 are admissible to prove the guilt of some offenses, but not others. Although the lieutenant did not abandon his office, this is irrelevant. The accused's reply was not an unresponsive retort unrelated to the subject matter of the lieutenant's inquiry and thus admissible in the absence of an Article 31 warning. On the contrary, it was responsive to and related to the subject matter of the inquiry, the accused's suspected disobedience of an order issued by the questioner. Under the circumstances of this case, we cannot isolate the disrespectful words in order to extract words unrelated

---

**3.** In the principal opinion in *United States v. Dohle*, 1 M.J. 223 (C.M.A.1975), Chief Judge Fletcher held that when a person subject to the UCMJ questions or requests a statement from an accused or suspect over whom he has some position of authority of which the accused or suspect is aware, the accused or suspect must be advised in accordance with Article 31. The other judges concurred in the result, but did not explicitly join Chief Judge Fletcher in adopting the position of authority test or overrule the *Beck* official capacity test.

and unresponsive to the subject matter of the inquiry and treat them as spontaneous statements admissible without an Article 31 warning.[4] Therefore, the accused's reply was inadmissible in the absence of a showing of compliance with Article 31. We must set aside the affected findings. *United States v. Hall, supra.*

The findings of guilty of Charges II and V are set aside and those Charges dismissed. The remaining findings of guilty and upon reassessment only so much of the sentence as provides for a bad–conduct discharge (probationally suspended), confinement at hard labor for 3 months, and forfeiture of $250.00 per month for 3 months are affirmed.

Senior Judge GREGORY and Judge DONOVAN concur.

---

**4.** This is not to say that disrespectful words in statements obtained in violation of Article 31 may not be severable in some instances and admissible as independent statements. *See* *United States v. Thompson, supra.* For example, disrespectful expletives could be severed and treated as independent statements.