## UNITED STATES

v.

**Michael E. AGUAYO, 267 35 4147, Private (E-1), U. S. Marine Corps.**

### NCM 80 3037.

U. S. Navy Court of Military Review.

Sentence Adjudged 25 March 1980.

Decided 27 Feb. 1981.

LCDR Kerry T. Davidson, JAGC, USN, Appellate Defense Counsel.

LCDR John C. Vinson, JAGC, USN, Appellate Government Counsel.

Before BAUM, Senior Judge, and EDWARDS and ABERNATHY, JJ.

BAUM, Senior Judge:

Appellant, citing *United States v. Lewis*, 9 MJ 936 (NCMR 1980), and cases cited therein, has summarily assigned as error that his conviction for disrespect in one of the specifications cannot be upheld because the disrespectful statement was obtained in violation of Article 31, Uniform Code of Military Justice, 10 U.S.C. § 831. The Government argues that, for the exclusionary rule to apply, the statement must be responsive to as well as relate to the subject matter of the inquiry for which an Article 31 warning was required. Based on Government counsel's interpretation of the facts he asserts that the disrespectful expletive in this case did not relate to the question propounded to the unwarned appellant by a gunnery sergeant. We need not address the issue of whether or not, under the instant facts, appellant's answer to his gunnery sergeant was responsive or related to the subject matter of the inquiry because we decline to follow the holding in *United States v. Lewis, supra*.

Another panel of this Court held in *Lewis* that under the circumstances of that case it

could not "isolate disrespectful words in order to extract words unrelated and unresponsive to the subject matter of the inquiry and treat them as spontaneous statements admissible without an Article 31 warning." *Id.* at 938–39. In our view, however, the disrespectful character of a statement in all instances may be isolated and severed from the statement in general for purposes of admission in evidence to prove a disrespect offense. We find such statements admissible for that purpose whether or not an Article 31 warning was given; the disrespectful remarks made during an inquiry are unsolicited spontaneous and voluntary statements for that purpose, which are independent of the subject matter of the interrogation and which in themselves constitute a separate crime. For that reason, they are admissible even in the absence of Article 31 advice that might otherwise be required if the statement were being utilized for some purpose other than proving. disrespect. It is the disrespectful quality of the words which is offered in evidence; in this sense the disrespect was unsolicited and constituted a crime in itself. The disrespect is neither a confession, admission nor statement against interest, whether or not the literal meaning of the words acknowledges the commission of the suspected offense, or any other substantive offense because the words are not offered for that purpose.[1]

The assignment of error is rejected. The findings of guilty and the sentence as approved below are affirmed.

Judge EDWARDS and Judge ABERNATHY concur.

---

1. *See United States v. Carter*, 4 MJ 758 (ACMR 1977); *United States v. Thompson*, 47 CMR 565 (NCMR 1973).