**UNITED STATES, Appellee,**

v.

**Private (E–2) Charlie M. WYNN, SSN 229–84–7635, United States Army, Appellant.**

**SPCM 14721.**

U. S. Army Court of Military Review.

25 March 1981.

Colonel Edward S. Adamkewicz, Jr., JAGC, Major Grifton E. Carden, JAGC, and

---

Captain Dennis E. Brower, JAGC, were on the pleadings for appellant.

Colonel R. R. Boller, JAGC, Major Ted B. Borek, JAGC, Major Paul G. Thomson, JAGC, and Captain Michael C. Chapman, JAGC, were on the pleadings for appellee.

Before RECTOR, CARNE and O'DON-NELL, Appellate Military Judges.

## OPINION OF THE COURT

O'DONNELL, Judge:

During the noon break on the eleventh day of October 1979, Private First Class Todd O. Preston returned to his barracks at Fort Hood, Texas and noticed that his stereo equipment was missing from his locked room. There was no sign of a forced entry. Preston promptly reported the theft to the appropriate authorities.

Special Agent John Kanzler, a criminal investigator, was detailed to investigate the incident. He interviewed Specialist Four Gregory Johnson who informed him that he had seen a Private Larry Bray leave the barracks area with a duffle bag containing a large, square object sometime between 1100 and 1215 hours. Based on other information, Kanzler had concluded the crime was committed during that period. Johnson told Kanzler that he saw Bray place the duffle bag in an automobile which he believed belonged to the appellant.[1] Kanzler later inspected the car, which had been moved after Johnson's initial observation, and saw an empty duffle bag in the back seat. Kanzler also determined that Bray had access to the first sergeant's barracks keys and that both Bray's and the appellant's movements were unaccounted for during the time of the theft.

At this time, Kanzler, believing that he had probable cause, directed a military policeman to apprehend the appellant. This was accomplished. The appellant was taken to Kanzler's office where he was advised of his right to counsel and of his right to remain silent. After making an oral statement admitting his involvement in the theft, the appellant accompanied Kanzler to an off-post apartment and released the stolen property to him. The appellant then signed a written confession. Nineteen days later, the appellant, after being advised of his rights, made another incriminating statement.

At his subsequent trial, the appellant moved to suppress the two written statements and the stereo set, contending that they were fruits of an illegal apprehension.[2] The military judge denied the motion.[3]

The Government's position at trial was that as the appellant's apprehension was based on probable cause, the evidence was admissible. The military judge concluded that the apprehension was illegal because it was not supported by probable cause. Nonetheless, he held that the evidence was admissible on the novel theory that the Fourth Amendment as it relates to seizure of the person is not applicable in the military. The judge's line of reasoning proceeded in this fashion. As military personnel may be ordered to go anywhere, including a military police station, they have no expectation of privacy with respect to seizure of the person. Accordingly, an illegal apprehension of military personnel by military authorities does not affect the admissibility of evidence obtained as a result of that apprehension.[4]

1. The car in fact belonged to another soldier.

2. The Government did not attempt to introduce the oral statement. The military judge treated the delivery of the stolen property as a non-verbal statement.

3. The appellant was convicted of housebreaking, larceny and an unauthorized absence of six days, in violation of Article 130, 121 and 86, Uniform Code of Military Justice, 10 U.S.C. §§ 930, 921, and 886. His sentence to bad-con-

duct discharge, confinement at hard labor for six months, partial forfeitures and reduction to the lowest enlisted grade was approved by the convening authority.

4. The judge held that a military person who has been apprehended is still protected by the Fifth Amendment safeguards incident to interrogation. The appellant has raised no issue as to the admissibility of the statements on the basis of the Fifth Amendment. The Government established that the appellant was adequately ad-

■ We can dispose of the military judge's unique approach to the Fourth Amendment in short order. He was wrong. The protections afforded by the Fourth Amendment as enunciated in such cases as *Wong Sun v. United States*, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963); *Brown v. Illinois*, 422 U.S. 590, 95 S.Ct. 2254, 45 L.Ed.2d 416 (1975), and *Dunaway v. New York*, 442 U.S. 200, 99 S.Ct. 2248, 60 L.Ed.2d 824 (1979), are as applicable to members of our armed forces as they are to the rest of the citizenry. Our recent decision in *United States v. Hance*, 10 M.J. 622 (ACMR 1980), stands for this fundamental proposition, although we found it unnecessary in our opinion to elucidate the obvious.

In addressing the issues before us, we must determine if there was an apprehension within the meaning of the Fourth Amendment; if so, was the apprehension based on probable cause; if not, was the taint of the illegal apprehension sufficiently dissipated to permit use of the challenged evidence. *See Dunaway v. New York, supra.*[5]

The Government before us contends that the apprehension was based on probable cause or, alternatively, that the appellant's statements were sufficiently an act of free will to dissipate the taint of any illegal apprehension.[6]

■ All parties agree that there was an apprehension. This is a seizure within the meaning of the Fourth Amendment which must be based on probable cause. *Wong Sun v. United States, supra*; Article 7(b), Code, 10 U.S.C.A. § 807(b) *supra*. We are not convinced that probable cause was established. The facts available to Agent Kanzler when he directed the appellant's

apprehension focus on Bray, not on the appellant. Bray was the one who had access to the first sergeant's keys, and he was the one who was seen putting the duffle bag into the car. The only evidence of the appellant's involvement at that time was a statement, unverified and subsequently shown to be false, that the appellant owned the automobile. This at best constitutes mere suspicion and is insufficient to support a determination of probable cause. The additional fact that the appellant's whereabouts were unknown during the time of the theft is not determinative of anything.

■ As the appellant's apprehension was illegal, we must decide whether the taint was sufficiently attenuated. The Supreme Court in *Brown v. Illinois, supra*, 422 U.S. at 603–04, 95 S.Ct. at 2261–62 provided guidelines for determining whether a confession has been obtained by exploitation of an illegal arrest. "The temporal proximity of the arrest ... the presence of intervening circumstances, ... and, particularly, the purpose and flagrancy of the official misconduct are all relevant." The Court also noted that "*Miranda* warnings are an important factor" in this determination. *Id.* at 603, 95 S.Ct. at 2261. Applying these guidelines, we hold that the taint of the illegal apprehension in this case was not dissipated as to the first written statement and the verbal act of delivering the stolen property to Kanzler. The evidence, therefore, was inadmissible. The crucial factors in our determination are the temporal proximity of the apprehension and the absence of intervening circumstances. These factors, we believe, outweigh the facts of adequate warnings and the non-flagrant character of the apprehension. *See United States v. Hance, supra*, at 626–27.

---

vised of his Article 31, 10 U.S.C.A. § 831 and *Miranda* rights and that the statements were otherwise voluntary under the Fifth Amendment.

**5.** Statements and other evidence obtained as the result of an illegal apprehension are violative of the Fourth Amendment and inadmissible as "fruit of the poisonous tree." *Wong Sun v. United States*, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963).

**6.** The Government also adopts the trial judge's narrow view of the Fourth Amendment and additionally contends that because Agent Kanzler acted in good faith the exclusionary rule is inapplicable. Although support for the latter position may be found in the recent Fifth Circuit decision in *United States v. Williams*, 622 F.2d 830 (5th Cir. 1980), this view has not been accepted by the Supreme Court or by this Court. *See United States v. Hance*, 10 M.J. 622, 627, n.11 (ACMR 1980).

However, we find that the taint of the apprehension was dissipated as to the second confession. This statement was taken 19 days after the apprehension. Moreover, there were intervening circumstances. During the interim, Bray had made a statement implicating the appellant and the appellant himself had admitted his complicity to a fellow soldier.

The remaining evidence in this case is sufficient beyond a reasonable doubt to support the findings of guilt. However, as the error in question is of constitutional dimension, before we may affirm the conviction we must also be satisfied beyond a reasonable doubt that the error was harmless. *See Chapman v. California,* 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967); *United States v. Ward,* 1 M.J. 176 (CMA 1975).[7] We have no doubt that the presence of the stolen property before the court members as items of evidence exerted little if any influence on the members, particularly in view of the appellant's admissible statement admitting his involvement. The inadmissible statement undoubtably had an impact on the members. Notwithstanding, we are satisfied beyond a reasonable doubt that the appellant was not harmed by its improper receipt in evidence in view of the second statement which was even more incriminating that the first.

The findings of guilty and the sentence are AFFIRMED.

Chief Judge RECTOR and Senior Judge CARNE concur.

---

7. As noted above, there was no question of inadequate *Miranda* and Article 31 warnings. Accordingly, the more strict rule requiring automatic reversal in such cases regardless of the compelling nature of other evidence of guilt is inapplicable. *See United States v. Kaiser,* 19 U.S.C.M.A. 104, 41 C.M.R. 104 (1969); *United States v. Ward,* 1 M.J. 176, 179, n.3 (1975).